**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFI OUDABACHIAN, | No. 08-72248 |
| Petitioner, | Agency No. A078-440-472 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Rafi Oudabachian, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for withholding of removal and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and deny the petition for review.

Substantial evidence supports the IJ's denial of withholding of removal because Oudabachian's fear of civil unrest and violence in the Middle East generally does not establish it is more likely than not that he will be persecuted on the basis of his religion. *See id.* at 1018 (fear of future harm is too speculative); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . ."). Accordingly, his withholding of removal claim fails.

Substantial evidence also supports the agency's finding that Oudabachian did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Syrian government. *See Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008). Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**